**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DENVER FENTON ALLEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO: 5:24-cv-00225-MTT-AGH** |
| **OFFICER MONTERREY,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER OF DISMISSAL

Plaintiff Denver Fenton Allen, a prisoner currently incarcerated in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983.   Compl., ECF No. 1.   Plaintiff has not paid a filing fee.   Therefore, the Court concludes that Plaintiff also seeks leave to proceed *in forma pauperis*.   Plaintiff, however, has three strikes under 28 U.S.C. § 1915(g) and has not alleged facts showing that he is in imminent danger of serious physical injury.   Thus, he may not proceed *in forma pauperis*.   Leave to proceed *in forma pauperis* is therefore **DENIED**, and this complaint is **DISMISSED WITHOUT PREJUDICE** as set forth below.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   This is known as the "three strikes provision."   Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim.   *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike").   Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous federal lawsuits and that more than three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim.   *See, e.g.,* Order Dismissing Compl., *Allen v. Milsap*, Case No. 4:12-cv-290-HLM-WEJ (N.D. Ga. Jan. 2, 2013), ECF No. 6 (dismissing case as "wholly incredible" and "frivolous"); Order Dismissing Compl., *Allen v. Owens*, Case No. 1:12-cv-143-JRH-WLB (S.D. Ga. Dec. 5, 2012), ECF No. 9 (adopting recommendation to dismiss for failure to state claim); Order Dismissing Compl., *Allen v. Brown*, Case No. 1:12-cv-52-JRH-WLB (S.D. Ga. Apr. 1, 2013), ECF No. 29 (dismissing for abuse of judicial process and failing to state a claim).   Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious

physical injury.   28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).   Complaints of past injuries are not sufficient.   *See Medberry*, 185 F.3d at 1193.   Vague and unsupported claims of possible dangers likewise do not suffice.   *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).   The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff does not provide any specific or nonfrivolous facts to show that he is in imminent danger of suffering any serious physical injury.   *See Medberry*, 185 F.3d at 1193.   Indeed, much of Plaintiff's complaint is completely illegible or otherwise indecipherable.   A complaint that cannot be clearly read is subject to dismissal.   *See Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007) (affirming dismissal of a complaint which was "exceptionally difficult to understand and in many instances either illegible or incomprehensible" (internal quotation marks and alteration omitted)).   As such, Plaintiff is **DENIED** leave to proceed *in forma pauperis*, and this complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).[1]

---

[1]In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he

**SO ORDERED**, this 29th day of July, 2024.

S/ Marc T. Treadwell

_____
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

must pay the filing fee at the time he initiates the suit.   Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee.